```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KHALID AWAN,

                Petitioner,                    MEMORANDUM & ORDER
                                               09-CV-0359 (JS)
        -against-

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:     Khalid Awan, pro se
                    RG #50959-054
                    FCI/CMU
                    P.O. Box 33
                    Terre Haute, Indiana 47808

For Respondent:     Christopher Ott, Esq.
                    United States Attorneys Office
                    Eastern District of New York
                    610 Federal Plaza
                    Central Islip, NY 11722
```

SEYBERT, District Judge:

On January 20, 2009, Khalid Awan ("Petitioner"), proceeding pro se, filed a petition seeking a writ of error coram nobis pursuant to 28 U.S.C. § 1651(a). Petitioner maintains that his guilty plea should be vacated because he received ineffective assistance of counsel. For the reasons stated below, Petitioner's application is DENIED in its entirety.

BACKGROUND

In September of 2001, law enforcement authorities received a complaint from a neighbor regarding possible criminal activity in Petitioner's apartment, located at 125 Terryville Road, Port Jefferson Station, New York. After interviewing the

complainant, law enforcement agents went into Petitioner's vacated apartment and found mail in multiple names from credit card issuers and banks and thus sensed that a credit card scheme was involved. On March 17, 2003, Petitioner pled guilty to a Superceding Indictment charging a violation of 18 U.S.C. § 1029 (hereinafter referred to as "Conviction One").

Pursuant to his Plea Agreement, Petitioner agreed to "not file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes the statutory maximum sentence of a term of imprisonment of 60 months, or below." (Plea Agreement ¶ 4.) Additionally, Petitioner agreed to the entry of an order forfeiting to the United States any and all property constituting or derived from proceeds Petitioner obtained directly or indirectly as the result of the violation of 18 U.S.C. § 1029. (Id. ¶ 6.) Petitioner agreed to the entry against him of a forfeiture money judgment in the amount of $306,785.00. On October 28, 2004, the Court sentenced Petitioner to sixty-months imprisonment, which was within his appellate waiver.

On March 8, 2006, while serving his first sentence for Conviction One, Petitioner was indicted in the Eastern District of New York. On December 20, 2006, after trial before the Honorable Charles P. Sifton, Petitioner was convicted of providing material support to terrorists, conspiracy to provide material support to terrorists, and money laundering (hereinafter referred to as

"Conviction Two"). On October 3, 2007, Petitioner was sentenced to 168 months imprisonment, which was to run consecutively with Petitioner's sentence for Conviction One. Petitioner completed serving his sentence under Conviction One and is currently serving his second sentence for Conviction Two. The instant petition for a writ of coram nobis challenges the validity of Conviction One.

## STANDARD OF REVIEW

A writ of error coram nobis is an "extraordinary remedy" authorized under the All Writs Act, 28 U.S.C. § 1651, and is generally used to review a criminal conviction where a habeas corpus motion under 28 U.S.C. § 2255 is unavailable because the petitioner is no longer serving the sentence which he challenges. Porcelli v. United States, 404 F.3d 157, 158 (2d Cir. 2005). However, "'the All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" Carlisle v. United States, 517 U.S. 416, 429, 116 S. Ct. 1460, 134 L. Ed. 2d 613 (1996) (quoting Penn. Bureau of Corr. v. United States Marshals Serv., 474 U.S. 34, 43, 106 S. Ct. 355, 88 L. Ed. 2d 189 (1985). Coram nobis is essentially a remedy of last resort and should be allowed only when necessary to achieve justice. United States v. Morgan, 346 U.S. 502, 511, 74 S. Ct. 247, 98 L. Ed. 248 (1954). The petition for the writ "is not a substitute for

appeal, and relief under the writ is strictly limited to those cases in which" fundamental errors have rendered the proceedings irregular and invalid. Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996). The federal court reviewing the petition for the writ must presume the earlier proceedings were correct and the petitioner has the burden of showing otherwise. Fleming v. United States, 146 F.3d 88, 90 (2d Cir. 1998).

"To obtain coram nobis relief a petitioner must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." United States v. Mandanici, 205 F.3d 519, 524 (2d Cir. 2000) (internal quotation marks omitted).

The Government erroneously refers to the one-year statute of limitations applicable to petitions brought under 18 U.S.C. § 2255. However, "[t]t is undisputed that because a petition for writ of error coram nobis is a collateral attack on a criminal conviction, the time for filing a petition is not subject to a specific statute of limitations." Foont v. United States, 93 F.3d 76, 79 (2d Cir. 1996) (internal citations and quotation marks omitted). "A petition for a writ of error coram nobis, however, may still be time barred if the petitioner cannot provide a justified reason for failure to seek appropriate relief at an

4

earlier date." Cruz v. People of NY, 2004 U.S. Dist. LEXIS 12501, 2004 WL 1516787, *4 (S.D.N.Y. 2004) (citing Foont, 93 F.3d at 80). Petitioner alleges that he only recently "discovered" that he received ineffective assistance of counsel because counsel did not seek to suppress evidence that was allegedly "illegally" obtained. Given Petitioner's pro se status, the Court will err on the side of caution and presume that Petitioner did, in fact, only recently discover these facts.

DISCUSSION

I. <u>Ineffective Assistance of Counsel</u>

Although the petition for a writ of error coram nobis is difficult to decipher, it appears that Petitioner contends that he recently discovered that the catalyst for the original search of his home came from an "anonymous tip." According to Petitioner, the anonymous tip was "in fact a mistaken identity" and therefore there was no basis for the government to search his home and ultimately arrest Petitioner. (Pet. p. 12.) Petitioner argues that his counsel should have asked for a suppression hearing because counsel was allegedly aware that the evidence against Petitioner was "illegally and unlawfully" obtained from Petitioner's residence. Petitioner also maintains that his plea agreement was a deceptive representation by his attorney; according to Petitioner, his counsel "dangled" the Superseding Indictment before Petitioner one hour before Petitioner's guilty plea.

5

Finally, Petitioner maintains that he received ineffective assistance of counsel because his counsel failed to pursue affirmative defenses.

Although Awan's petition is for a writ of error coram nobis, and not habeas corpus, "[b]ecause of the similarities between coram nobis proceedings and § 2255 proceedings, the § 2255 procedure often is applied by analogy in coram nobis cases." Fleming, 146 F.3d at 90 n.2 (internal quotation marks omitted). "A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea." United States v. Coffin, 76 F.3d 494, 497 (2d Cir. 1996). Similarly, a defendant may not assert such claims if he knowingly enters into a plea agreement containing a waiver. United States v. Gomez-Perez, 215 F.3d 315, 318 (2d Cir. 2000). "To raise a claim despite a guilty plea or appeal waiver, the petitioner must show that the plea agreement was not knowing and voluntary." Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008).

However, the Second Circuit has held that there are certain situations wherein a defendant may seek review of a sentence notwithstanding the existence of a waiver pursuant to a plea agreement. Such instances include: "1) the arbitrary practice of sentencing without [proffered] reasons which . . . could in some cases amount to an abdication of judicial responsibility subject to

mandamus, . . . 2) the defendant's right to appeal on the grounds of ineffective assistance of counsel, . . . ; and 3) the arguably unconstitutional consideration of naturalized status." United States v. Rosa, 123 F.3d 94, 98 (2d Cir. 1997) (internal quotation marks and citations omitted); see also United States v. Jacobson, 15 F.3d 19, 23 (2d Cir. 1994) (holding that petitioner waived his right to appeal under the terms of his guilty plea, but could not have waived his "right not to be sentenced on the basis of a constitutionally impermissible factor . . . .").

"[W]here there is a claim of ineffective assistance of counsel that calls into question the legitimacy of the waiver itself, the waiver will not foreclose a section 2255 petition." Riggi v. United States, No. 04-CV-7852, 2007 U.S. Dist. LEXIS 48125, at *14 (S.D.N.Y. July 5, 2007). Giving Petitioner's claims extreme leniency, Petitioner arguably maintains that he would not have pled guilty had he known that his counsel could have asked for a suppression hearing because the evidence against Petitioner was "illegally obtained."

To sustain his claim of ineffective assistance of counsel, Petitioner must demonstrate that (1) counsel's performance "fell below an objective standard of reasonableness[,]" and (2) such unreasonable performance of counsel "prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). The test is both rigorous and

7

highly demanding.  <u>Pavel v. Hollins</u>, 261 F.3d 210, 216 (2d Cir. 2001).  With respect to the first prong, the Court must presume that counsel's conduct falls "within the wide range of professional assistance" and counsel "made all significant decisions in the exercise of reasonable professional judgment."  <u>Id.</u> at 689-90.  To establish prejudice for the second prong, the petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Id.</u> at 694.

Awan argues that his attorneys were ineffective due to their failure to make suppression motions of the allegedly "poisonous tree" materials resulting from the FBI's search of his home.  (Pet'r Aff. ¶ 12.)  Petitioner claims that the failure to make the suppression motions regarding the search led to his decision to plead guilty pursuant to the plea agreement in March of 2003 and his sixty-month imprisonment.

"In order to show ineffective assistance of counsel for the failure to make a suppression motion, the underlying motion must be shown to be meritorious, and there must be a reasonable probability that the verdict would have been different if the evidence had been suppressed."  <u>United States v. Matos</u>, 905 F.2d 30, 32 (2d Cir. 1990).  However, failure to make a meritless argument, "or an action or omission that might be considered sound trial strategy does not amount to ineffective assistance."  <u>United

8

States v. Arena, 180 F.3d 380, 397 (2d Cir. 1999) (internal quotation marks omitted). The "failure to make a suppression motion is not per se ineffective representation, [but] where the trial counsel fails to make a motion to suppress because he neglected 'to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary' then ineffective representation is shown." Matos, 905 F.2d at 33 (quoting Kimmelman v. Morrison, 477 U.S. 365, 384-85, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986)). Overall, in an ineffectiveness case, counsel's "decision not to investigate must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 691. Moreover, even a professionally unreasonable error by counsel does not warrant setting aside the judgment if the error had no effect on the judgment. Id.

The Court finds that Petitioner's claim that his guilty plea was invalid because he received ineffective assistance of counsel based on counsel's failure to move for suppression is tenuous. Additionally, Petitioner's allegation that his counsel "dangled" the plea agreement before Petitioner an hour before his plea focuses on a pre-plea event and therefore cannot now be challenged. "[P]etitioner must show that the plea agreement was not knowing and voluntary, because the advice he received from counsel was not within acceptable standards." Parisi, 529 F.3d at

9

138 (internal quotation marks and citation omitted). A petitioner must focus on the plea agreement process, not on the pre-plea events when making the ineffectiveness claim. Id. The Court thoroughly questioned Petitioner regarding whether his plea was voluntary; the Court finds that this plea was, in fact, voluntary and rejects Petitioner's claim that he was not actually apprised of the Superseding Indictment prior to pleading guilty.

Upon a thorough review of Petitioner's claims, the Court finds that Awan did not receive ineffective assistance of counsel. Petitioner's sweeping and unsupported allegations of deception and willful neglect fail to show that his attorneys acted incorrectly in failing to file suppression motions and in failing to plead affirmative defenses. Such motions and tactics are unlikely to have been meritorious. Petitioner has not shown that the conduct and strategy of his lawyers fell below acceptable or reasonable standards.

Petitioner's Affidavit also challenges the amount of forfeiture; Petitioner maintains that he "has not seen nor been presented with any material facts nor evidence that there was never recorded, nor did any such loss as two and a one-half million dollars ($2,500,000) as used to justify a 60 month sentence in case no. 1:01-cr-1328 JS-2, EDNY, and knows and claims no such evidence exists, nor did it ever exist." (Pet'rs Aff. ¶ 19.) In addition, his Petition for Coram Nobis states that his attorney deceived him

into thinking the plea agreement was for $86,000 and a shorter sentence. Specifically, Petitioner alleges that his attorney dangled the "Superseding Information" one hour before the entry of the guilty plea, and that the plea only conceded responsibility for an $86,000 loss. (Pet. ¶ 10.)

Despite Petitioner's erroneous allegations, neither the Plea Agreement, the Preliminary Order of Forfeiture, nor the Superseding Information refer at any point to Petitioner forfeiting only $86,000. Instead, the Preliminary Order of Forfeiture unambiguously stated that Petitioner was to forfeit $306,785.00 as his Forfeiture Money Judgment. Thus Petitioner's claim that he was deceived into believing he was forfeiting only $86,000 has no factual basis and cannot stand.

The Court finds that Petitioner agreed to forfeiture as part of the agreement and that he "knowingly and voluntarily waive[d] his right to a jury trial on the forfeiture of [certain assets]. . . ." (Plea Agreement ¶ 7.) Accordingly, the Court denies Awan's petition for a writ of error coram nobis in its entirety.

## CONCLUSION

For the reasons stated above, Awan's petition for a writ of error coram nobis pursuant to 28 U.S.C. § 1651(a) is DENIED.

Pursuant to Fed. R. App. Pro. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as Petitioner

has not made a substantial showing of a denial of a constitutional right.  <u>Miller-El v. Cockrell</u>, 537 U.S. 332, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); <u>Lucidore v. N.Y.S. Div. of Parole</u>, 209 F.3d 107, 112 (2d Cir. 2000).

The Clerk of the Court is directed to mark this matter closed.

                              SO ORDERED.

                              <u>/s/ JOANNA SEYBERT</u>
                              Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
           September 30, 2009